Robert J. Bach, Esq.
RB - 2751
60 East 42nd Street
40th Floor
New York, NY 10165
212-867-4455
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

MICHAEL DERIN                                INDEX NO.

    PLAINTIFF                        2006 CV 6335)(RCC)(FM)

against                                      ECF CASE

FIRST UNUM LIFE INSURANCE COMPANY

and                                          COMPLAINT

EARTHTECH LONG TERM DISABILITY PLAN ,

and

EARTHTECH, A TYCO INTERNATIONAL
  LTD COMPANY, as Plan Administrator of
  the Earthtech Long Term Disability Plan.

    DEFENDANTS

-------------------------------------------------------------X

  Plaintiff, by his attorney, Robert J. Bach, as and for the Complaint alleges:

        Introduction

1.  This is a suit by a participant in a long term disability plan to challenge the calculation of his disability benefit.

2.  In 1990 Mr. Derin became disabled and under the insurance contract purchased by his employer from First Unum Life Insurance Company ("UNUM"), he was

entitled to a monthly disability benefit based on his 1990 monthly earnings minus the amount of his 1990 Social Security Disability Award. From 1991 through 2004, Mr. Derin remained partially disabled and continued to receive a benefit from UNUM based on his 1990 earnings minus his current earnings and, through September, 1994, any Social Security payments he received.

3. However, when he became totally disabled again in 2004, UNUM calculated his benefit at based on his 1990 earnings minus his 2004 Social Security Disability Award. Mr. Derin challenged this calculation claiming that only the1990 amounts should be used or only 2004 amounts should be used. Mr Derin's claim was denied by UNUM. He filed an appeal with UNUM and his appeal was denied.

4. Plaintiff further alleges that in processing his appeal UNUM violated the US Department of Labor Claims Regulations by failing to provide the information and documents required to be provided to him.

5. Plaintiff seeks declaratory and compensatory relief pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 USC Sections 1001 et. seq., specifically, 29 USC sections 1132(a)(1)(A) and (B) and (1132)(c). Plaintiff requests that the Court declare that the UNUM's calculation of his benefit was a violation of the terms of the insurance contract, and direct UNUM to recalculate his benefit. Plaintiff further requests that the Defendants be directed to pay him the maximum statutory penalty for their failure to provide the documents he requested as required by the Department of Labor Claims Regulations.

### Jurisdiction

6. The court has jurisdiction of this matter pursuant to the Employee Retirement Income and Security Act of 1974, as amended, 29 USC sections 1132(e)(1), 1132(a)(1)(A) and (B) and 1132(c)  as well as 28 USC Sections 1331, 2201, and 2202.

### Venue

7. Venue is in the Southern District of New York because Mr. Derin resides in this District. 29 USC section 1132(e)(2).

### The Parties

<u>Plaintiff - Michael Derin</u>

8. Michael Derin ("Derin"), the plaintiff in this action, resides in New York County, in the City and State of New York.

9. At all times relevant to the issue herein, Mr. Derin was employed by Tippetts-Abbett-McCarthy-Stratton/Tams Consultants ("TAMS") in New York City and its successor, EarthTech, a Tyco International Limited Company ("EarthTech")

10. A group long term disability contract was issued to TAMS effective December 1, 1988 by First Unum Life Insurance Company, ("Contract") providing disability benefits to employees if they elected to participate and make the required contributions.

11. Plaintiff elected to participate and made the required contributions and was a "participant" of the plan  within the meaning of ERISA, 29 USC § 1002(7).

<u>Defendants -  EarthTech, a Tyco International Limited Company, and the EarthTech Long Term Disability Plan</u>

12. Tippetts-Abbett-McCarthy-Stratton/Tams Consultants employed Mr. Derin in 1982.  Upon, information and belief, it was a partnership and then became a corporation.

13. Effective December 1, 1988, TAMS established the Tippetts-Abbett-McCarthy-Stratton/Tams Consultants Long Term Disability Plan ("Plan"), an employee welfare benefit plan within the meaning of ERISA. 29 USC section 1002(1). To provide benefits under the Plan, TAMS purchased an insurance contract from First UNUM Life Insurance Company ("Contract") . TAMS was the "plan sponsor" as defined by ERISA, 29 USC 1002(16)(B).

14. Upon information and belief, TAMS was also the Plan Administrator, as defined by ERISA, 29 USC §1002(16)(A).

15. Upon information and belief, EarthTech acquired TAMS in 2002 , and is now the Plan Sponsor and Plan Administrator.

16. EarthTech is a Tyco International Ltd Company Corporation, with offices in this district at One World Financial Center, New York, NY. 10281.

<u>Defendant  - UNUM Life Insurance Company.</u>

17. UNUM Life Insurance Company is an insurance company licensed to do business in the State of New York and has offices in Tarrytown, New York.

18. Effective December 1, 1988, UNUM issued the Contract to TAMS to provide long term disability insurance.

19. Upon information and belief the Contract is still in effect.

20. UNUM, pursuant to the Contract, is the Administrator, and adjudicated and denied Mr. Derin's claim and appeal.

## FIRST CAUSE OF ACTION

The 1990 benefit.

21. In 1990, Mr. Derin became totally disabled and was entitled to receive a long term disability benefit from UNUM in the amount of $4,020 per month. This amount was based on the contractual formula that his benefit would be 60% of his 1990 monthly rate of $6700.

22. Under the insurance contract UNUM was permitted to deduct the amount of the disability award that he received from Social Security, which was $1,025.

23. Mr. Derin received $2,995 per month from UNUM as its share of his disability benefit.

24. In June, 1991, Mr. Derin's condition improved and he was able to return to work on a part-time basis.

25. He continued to receive a disability benefit from UNUM based on the monthly entitlement of $4,020, reduced to reflect his monthly earnings and any award he was still receiving from Social Security. In September, 1994 he stopped receiving the Social Security Disability Award because his earnings exceeded the Social Security base.

The 2004 benefits.

26. In early 2004 his condition worsened and he became totally disabled again.

27.  At this time, his monthly rate was $8,870.

28.  Rather than using his 2004 monthly rate of $8,870 to establish his maximum benefit at $5,322, UNUM used his 1990 rate of $6,700 to establish his maximum monthly benefit at $4,020.

29.  Effective November, 2004, Mr. Derin also started to receive a Social Security Disability Award in the amount of $1,733.

30.  However, instead of deducting the 1990 Social Security Award of $1,025 from his 1990 maximum of $4,020, UNUM deducted the amount of the 2004 award of $1,733 from the $4,020.

31.  Mr. Derin objected to this method of calculating his benefit orally and in writing, but his claim was denied.

32.  By letter dated June 22, 2005, Mr. Derin filed an appeal with UNUM arguing that the method of calculation was incorrect because UNUM should have used either the 1990 numbers or the 2004 numbers to calculate his benefit; not one from 1990 and another from 2004.

33.  By letter dated August 24, 2005 UNUM denied his claim.

34.  Plaintiff exhausted the appeal procedure and is entitled to review of his claim *de novo*.

35.  Plaintiff sues the Defendants pursuant to ERISA 29 USC 1132 (a)(1)(B) for the benefits he was entitled to under the Contract.

## SECOND CAUSE OF ACTION

36. Plaintiff re-alleges paragraphs 1-35 as though restated herein.

37. In late March or early April, 2004, Mr. Derin contacted UNUM and advised it that his medical condition had deteriorated and that he was unable to continue to work.

38. By letter dated April 6, 2004 Mr. Derin received a letter from UNUM signed by Nickki Ferrante acknowledging his claim, and requesting information from his physician.

39. In May, 2004, Mr. Derin contacted UNUM by phone and spoke to Ms. Ferrante, and discussed the refiling of his Social Security claim.

40. Over the next several months he had several conversations with Ms. Ferrante about how the Social Security Disability Award would affect his benefit and was advised that UNUM would deduct the 2004 Award from the maximum benefit established by his 1990 salary.

41. In September 13, 2004, Mr. Derin sent a copy of his Social Security Award to Ms. Ferrante.

42. Thereafter, UNUM started to deduct his Social Security Award from his monthly payment.

43. In December, 2004 Mr. Derin contacted Ms. Ferrante and she confirmed that UNUM would be calculating his benefit based on his 1990 benefit maximum and his 2004 Social Security Award, and that if he disagreed, he should send UNUM a letter.

44. By letter dated December 9, 2004 to Ms. Ferrante, Mr. Derin asserted that UNUM had made a mistake in calculating his disability benefit, arguing that the contract did not provide for the method it was using to make the calculation, and that the calculation should be based upon his 1990 Social Security benefit as defined by the contract. He also requested that the letter be turned over to her supervisor and the UNUM legal department.

45. In the December 9, 2004 letter, Mr. Derin also specifically asked for UNUM to send him the specific sections of the Contract that supported UNUM's position.

46. By letter dated March 21, 2005, Mr. Derin wrote to Ms. Ferrante again requesting a written answer to his December 9, 2004 letter, which was enclosed. A copy of the letter was also sent to Diane Paolino, Disability Benefit Specialist of UNUM.

47. By letter dated April 7, 2005, Mr. Derin received a letter from UNUM (Diane Paolino) advising him that:

> Per your letter, you request all future correspondence be in writing. At this time it is our position to continue to reduce your monthly benefits in the amount of $1,733.00 per the recent Social Security Notice of Award.

The letter also asked him for any other information and also advised him of his right to appeal the determination, that the appeal had to be in writing and that it had to be received by UNUM within 180 days of the date of the letter.

48. By letter dated June 22, 2005, Mr. Derin filed his appeal enclosing the letters of April 7, 2005, March 21, 2005 and December 9, 2004. In the appeal he requested that UNUM answer the questions he had previously asked in the

December 9, 2004 letter and further argued that UNUM use his 2004 monthly compensation rate of $8,870 rather than his 1990 monthly rate of $6,700.00 to establish the benefit maximum.

49. By letter dated June 29, 2005 UNUM (Mary Spugnardi) acknowledged the appeal.

50. On July 7, 2005, Ms. Spugnardi and Mr. Derin discussed the case by phone. Also participating was a representative from Social Security.

51. By letter July 7, 2005, Ms. Spugnardi confirmed the discussion that afternoon.

52. By letter dated July 28, 2005, Ms. Spugnardi advised Mr. Derin of the status of the claim.

53. By letter dated August 24, 2005 UNUM (Mary Spugnardi) advised Mr. Derin that his appeal had been denied. However, the information that Mr. Derin had requested, and specifically the provisions of the Contract UNUM was relying upon had still not been supplied.

54. The US Department of Labor Regulations ("Regulations"), 29 CFR §2560.503 - 1(g) requires, *inter alia*, that when a claim is denied, a claimant be notified in writing:

  (i)  The specific reason or reasons for the adverse determinations;

  (ii)  Reference to the specific plan provisions on which the determination is based;

  (iii)  A description of any additional material of information necessary for the claimant to perfect the claim and an explanation of why such

9

      material or information is necessary.

55. The Regulations also require that the plan disclose if an internal rule, guideline or other similar criterion was relied on and that a copy of the rule will be provided free of charge upon request of the participant. 29 CFR §2560.503 -1(g) (v)(A).

56. The denial of Mr. Derin's claim and appeal by UNUM failed to comply with these Regulations in violation of the fiduciary duty that UNUM owed to the Plaintiff. 29 USC § 1104(a)(1)(B) and (D).

### THIRD CAUSE OF ACTION

57. Plaintiff re-alleges paragraphs 1-56 as though restated herein.

58. Plaintiff made written requests for information on December 9, 2004, March 21, 2005, April 7, 2005 and June 22, 2005 and to be given the specific provision(s) in the Contract UNUM was relying on as the basis for the denial of his claim.

59. UNUM never supplied the material requested in violation of 29 USC § 1132(c) of ERISA.

### FOURTH CAUSE OF ACTION

60. Plaintiff restates paragraphs 1 - 59 As though restated herein.

61. UNUM did not furnish Plaintiff with the information he requested in writing, or respond to his requests for information about the plan provisions that UNUM relied upon in calculating his benefit.

62. Section 29 USC 1024(b)(4) requires that: "The administrator shall, upon written

**10**

      request of any participant or beneficiary, furnish a copy of .... [the] contract, or other instruments under which the plan is established or operated".

63. Pursuant to section 29 USC 1132(c) Plaintiff requests that the Court impose the statutory penalty upon UNUM of $100 per day for its failure to comply with the requirements of Section 29 USC 1024(b)(4) as well as the Department of Labor Regulations because of its failure to provide to Mr. Derin copies of the Contract, and the provisions thereof as he requested.

## DEMAND FOR RELIEF

WHEREFORE, plaintiff demands a declaratory judgment that Defendants violated plaintiff's rights pursuant to ERISA:

1. that the Court declare that UNUM's interpretation of the contract was incorrect and direct UNUM to use Mr. Derin's 2004 rate of $8,870 to establish his maximum benefit and his 2004 Social Security Award of $1,733.00 to establish the Social Security offset in recalculating Mr. Derin's benefit.

2. that the Court direct that the Plaintiff be reimbursed by the Defendants for any benefits that he would have been entitled to receive, plus interest at the legal rate of interest, as a consequence of UNUM's improper denial of his benefit.

3. that the Court award reasonable attorney's fees and costs of this action pursuant to ERISA 29 USC Section 1132(g); and,

4. that the Court award such other and further relief to make the

Plaintiff whole as the Court may deem just and proper.

| | |
|---|---|
| New York, NY<br>August 21, 2006 | Robert J. Bach (RB 2751)<br>60 East 42nd Street<br>40th Floor<br>New York, NY 10165<br> 212 - 867 - 4455<br>Attorney for Plaintiff |